## TURNER HARDWARE CO. vs REYNOLDS.

### Opinion delivered October 1, 1898.

*1.   Chattel Mortgage—Not an Assignment for Benefit of Creditors.*

    A chattel mortgage upon all of a debtor's property, with an understanding that the mortgagees were to take the property, sell it and prorate the proceeds upon their claim is not an assignment for the benefit of creditors.

*2.   Mortgage—Parol Evidence as to the Intention of the Parties.*

    Parol evidence to the effect that a mortgage was intended by the parties to operate as an absolute bill of sale does not make of the mortgage an assignment for benefit of creditors.

*3.   Right of Debtor to Prefer Creditor.*

    A debtor may prefer one creditor to the exclusion of another by appropriating his property to pay the debt of the preferred

(4)

creditor, if the debt is just and no more property is appropriated than is sufficient for that purpose, no matter if it takes all the debtors property.

Appeal from the United States Court for the Central District.

YANCY LEWIS, Judge.

Attachment by the Turner Hardware Company against C. G. Morgan & Co. Reynolds, Davis & Co., and another interpleaded. Judgment for interpleaders. Plaintiff appeals. Affirmed.

This case was tried to the court on the issues made upon the interplea of appellees and the answer of the appellant. On August 13, 1895, C. G. Morgan & Co., doing business at Calvin, in the Choctaw Nation, executed and delivered to appellees their conveyance in the form of a mortgage, on their stock of merchandise, which purports to secure a note for $1,437.25, due the following day. Immediate possession was taken of the property, and, on the following day, appellees, by their agent, commenced selling. C. G. Morgan & Co., were insolvent, and all of their property was included in the mortgage. The agents of the appellees, who, for them, conducted these transactions, testified in effect that the mortgage was intended to be an absolute bill of sale; that it was the understanding at the time of the execution of the mortgage that the appellees, Reynolds, Davis & Co., and D. M. Hailey, were to take the goods in payment of their claims, sell them and prorate the proceeds. The property, at a fair price, was not sufficient to fully satisfy their claims. On the 11th day of September, 1895, the appellant brought this suit against C. G. Morgan & Co., and attached so much of the aforesaid property as had not been sold, upon the ground that the conveyance was an assignment for the

benefit of creditors, and, not being in conformity to the law of assignments, was void. The appellees filed their inter-plea, claiming the property under the instrument described. The court found in favor of the appellees. It is admitted that the instrument on its face is a mortgage; hence it is not here set out.

*H. O. Shepard,* for appellant.

*Hale & Fannin* and *Stuart, Lewis & Gordon,* for appel lees.

CLAYTON, J. The only question in the case to be decided is, did the transaction had between C. G. Morgan & Co. and the interpleaders constitute an assignment for the benefit of creditors? It being admitted that the instrument, on its face, was a mortgage, unless the parol evidence showed the transaction to be otherwise, it must be sustained. The only witnesses produced at the trial on this question were F. M. Pope, the agent of Reynolds, Davis & Co., and James Elliott, the agent of D- M. Hailey, the interpleaders, both of whom testified in substance that the transaction was an absolute sale; that the property was taken in satisfaction of the debt; that this was all they were to get on their accounts. And this testimony is in harmony with the fact of their having taken immediate possession, and, after conditions broken, proceeded to sell, otherwise than directed by the mortgage. It is true that this attacks the mortgage, and has the effect of showing the real transaction different from that shown by the instrument, but it would not show an assignment for the benefit of creditors. If true it would simply change the instrument from a mortgage to a bill of sale; or, in other words, it would be the appropriation of the property to pay the debts, and not an appropriation of the property to raise a fund to pay the debts, through the in-strumentality of a trustee. The appellant, before being en-

titled to recover, must not only show that the instrument was not intended to have been a mortgage, but that it was intended to have been an assignment for the benefit of creditors or that on other grounds—the transaction was fraudulent as to other creditors. The law does not consider it a fraud on creditors for a person, although he may be insolvent, to pay his debts by appropriating property for that purpose, if the debt be just, and no more property be appropriated than is sufficient for that purpose; and it makes no difference that it takes all the debtor's possessions, and thereby has the effect of preferring the particular creditors. Burrill, Assignm. p. 166, § 125. In this case, if we take the instrument on its face, it is a mortgage. If we adopt the parol proof, it is simply an appropriation of the debtor's property to the payment of his debts, In either case it is not an assignment for the benefit of creditors, nor is the transaction condemned by law as being fraudulent as to creditors. Let the judgment of the court below be affirmed.

SPRINGER, C. J., and TOWNSEND J., concur.